A. Lentz Company, Appellant, vs. Dougherty and others, Respondents.

*May 3—June 4, 1935.*

494

For the appellant there was a brief by *Paul, Ebert, Paul & Gobel* of Milwaukee, and oral argument by *Will C. Gobel*.

For the respondents there was a brief by *Brennan, Lucas & McDonough* of Milwaukee, and oral argument by *Martin J. Brennan*.

NELSON, J. On September 4, 1931, defendant William J. Dougherty entered into a written contract with defendant Knispek, wherein and whereby the latter agreed to erect for defendants Dougherty a brick bungalow on lot 19 of a certain block, for the sum of $6,500. Lot 19 is located on Seventy-Third street, between Locust and Chambers streets, in the city of Milwaukee. The defendants Dougherty owned several other lots in the same block. The contract provided that one of such lots, agreed to be worth $1,000, should be conveyed to Knispek in part payment of his contract. Theretofore, on August 14, 1931, the defendants Dougherty had entered into a similar contract with defendant Knispek. That contract, however, provided in effect that it would be void if the defendants Dougherty could not obtain a loan. However, on or about August 17, 1931, Knispek entered into a contract with the plaintiff for the furnishing of the required millwork. On September 4, 1931, defendants Dougherty made, executed, and delivered to the Henry W. Marx Company a note for $5,000, secured by a mortgage on lot 19, which mortgage was recorded on the same day. That mortgage was thereafter duly assigned to defendant Volz.

The plaintiff concededly furnished the millwork pursuant to its agreement, but a sharp dispute arose as to when the first millwork was furnished. The plaintiff claimed that seven basement window frames were furnished on August 28th.

This was disputed by the defendants. The court found that at the time the mortgage was recorded no work had been commenced or material furnished in or about the construction or erection of the bungalow, and that no work was performed or material furnished until September 7, 1931.

On or about September 21, 1931, the plaintiff sent the following notice by registered mail to Dougherty:

"To Wm. J. Dougherty,
 "9418 W. Metcalfe Pl.
 "Milwaukee, Wisc.
 "Owner (or agent) of (for) the property affected by this notice:

 "You are hereby notified that the undersigned did on the twenty-eighth day of August, 1931, commence to furnish building materials and perform labor, to-wit: Millwork to Peter Knispek contractor, and that the owner of said property, for the improvement of which said labor and materials are and will be furnished by the undersigned, will be held liable for the payment of said labor and materials, and that the undersigned claims and will claim a lien on said property for the amount and value of said labor and materials so furnished and to be furnished, in case said Peter Knispek, contractor, shall fail to pay therefor; that the real estate and property so affected by this notice and upon which a lien is claimed, is described and is commonly known as 73rd Street between Locust and Chambers located in the City of Milwaukee, in the County of Milwaukee, and in the State of Wisconsin.

 "A. Lentz Co.,
 "By W. G. Grundl."

The defendants Dougherty complained of the insufficiency of said notice.

The court found that the notice did not comply with the provisions of sec. 289.02 of the Wisconsin Statutes, because it failed to describe the Dougherty lot with reasonable certainty, but the court did not find whether defendants Dougherty were misled or deceived by the insufficiency of the description contained therein.

The plaintiff contends: (1) That its notice was a sufficient compliance with the requirements of sec. 289.02, and that it is entitled to a lien; (2) that its lien should be held to be prior to the Volz mortgage, dated and recorded September 4, 1931; and (3) that in any event the plaintiff is entitled to a money judgment against the defendant Knispek, the contractor, regardless of its right to a lien.

The plaintiff first argues that since a demurrer to the complaint was interposed, which demurrer was overruled by the court, and since no appeal was taken from such order, the determination that the complaint was sufficient should now be held to be *res adjudicata* in this action. In view of our conclusion that the undisputed facts show that defendants Dougherty were not misled or deceived by any insufficiency of the description contained in said notice it is unnecessary to pass upon the contention.

Was the notice sufficient? Sec. 289.02, so far as here material, provides:

"Every person . . . other than the principal contractor, who . . . furnishes any materials in any of the cases enumerated in sec. 289.01, shall within thirty days after . . . furnishing the first materials give notice in writing to the owner of the property . . . to which such materials are being furnished either by personal service on the owner or his agent or by letter addressed to such owner or his agent at the last known post-office address of such owner or agent, . . . stating that he has been employed . . . to furnish materials, describing the real estate upon which the same is to be . . . furnished with reasonable certainty so that the owner will not be misled or deceived thereby. In the event that the owner of the property shall complain of any insufficiency of such notice should a lien be afterward claimed against said real estate, the burden of proof shall be upon such owner to show that he has been misled or deceived by such insufficiency thereof."

As hereinbefore stated, the trial court found that the notice was insufficient because it did not describe the real

estate with reasonable certainty, but the court failed to find whether the owner was misled or deceived by the insufficiency of the description. The real estate was described in the notice as follows:

"73rd Street between Locust and Chambers located in the city of Milwaukee."

No one could claim that the language, "73rd Street between Locust and Chambers," standing alone, described any particular lot abutting on said street at that place, but the insufficiency of the description does not render the notice fatally insufficient. Sec. 289.02 specifically provides that "in the event that the owner of property shall complain of any insufficiency of such notice should a lien be afterward claimed against said real estate, the burden of proof shall be upon such owner to show that he has been misled or deceived by such insufficiency thereof." It is undisputed that the notice was received by Dougherty. It was addressed to him as owner. At the time of its receipt, Knispek, the contractor, was building only one building for defendants Dougherty, and that building was on lot 19, located on Seventy-Third street, between Locust and Chambers streets. Under the circumstances, no court would be warranted in concluding that Dougherty did not know, after reading the notice, that the plaintiff had furnished and was about to furnish materials for the construction of the residence he was having built. Mr. Dougherty frankly admitted that he knew that the plaintiff was furnishing material; that he knew this before he got the notice; that he knew the plaintiff was delivering material after he got the notice; that when he received the notice he figured it was supposed to refer to the home he was building. It is very clear, therefore, that Dougherty was not misled or deceived by the uncertain or insufficient description of the real estate. He wholly failed to meet the statutory burden of proof by showing that he had been misled or deceived by any insufficiency of the

notice. Had the court found that Dougherty was misled or deceived by the notice, such finding would have been against the great weight and clear preponderance of the evidence, and could not be sustained. There being no evidence to the effect that Dougherty was misled or deceived by the notice, we may properly find that he was not misled or deceived by it.

Was the plaintiff's lien entitled to priority over the Volz mortgage? The court found, as hereinbefore stated, that at the time of the recording of the mortgage no work had been commenced on the job and no material had been furnished by the plaintiff. We have carefully examined the testimony and conclude that that finding may not be disturbed. At the conclusion of the testimony, the court stated that there was no evidence which would permit the court to find that the work had been commenced or any delivery of materials made prior to the 4th day of September, 1931. The plaintiff's attorney thereupon interrupted the court and said:

"So far as the mortgage is concerned, we are ready to yield to the court's viewpoint that we are probably not prior to the mortgage, but so far as the notice is concerned, we would like to file a brief."

That concession as to a disputed issue makes it unnecessary to recite the conflicting evidence relating to the commencement of the work or the furnishing of the first materials, which issue the court determined against the plaintiff and in favor of the mortgagee.

The plaintiff's third contention is that in any event it is entitled to judgment against defendant Knispek, the principal contractor. The failure of the court to render such judgment was apparently an oversight. In view of our conclusion that Dougherty was not misled or deceived by any insufficiency of the notice, and that the plaintiff is entitled to a lien and to a foreclosure thereof, subject, however, to

the Volz mortgage, the matter of its claim against Knispek may be taken care of after a sale of the premises pursuant to the provisions of sec. 289.14, in case a deficiency shall arise upon such sale.

*By the Court.*—Judgment reversed, with directions to enter judgment as prayed in the plaintiff's complaint, subject, however, to the priority of the Volz mortgage. The plaintiff is entitled to costs as against defendants Dougherty and Knispek, but not against defendant Volz. Defendant Volz may tax costs against the plaintiff.